IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2019 OCT 23 AM 8: 15
JEFFREY P. COLWELL
CLERK
BY_____ DEP. CLK

Civil Action No. 19-CV-03023
(to be supplied by the court)

John S. Antonopoulos _____, Plaintiff

v.

Judge Rachel Olguin-Fresquez _____,

Judge Cynthia Jones _____,

Carolyn Whippo _____,

Stephen Potts _____,

Bryan Garrett _____,

Randy Williams _____,

Steve Germillion _____,

Stanton Gould _____,

Keith Montag _____,

John Bryan _____,

Stephanie Fitzgerald _____,

Deputy Sheriff Rodriguez

Jon Walker

Dave Straley

Joel Buehrle

Charity Grimsley-Hinkley

Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## AMENDED COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

### A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.* P.O. B - 1143 MEEKER, Colo.

John S. Antonopoulos,
(Name and complete mailing address)

Zip — 81641

(303) 429-1153
(Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Judge Rachel Ogluin-Fresquez, PO Box 597 Eagle CO 81631
(Name and complete mailing address)

(970) 328-6373
(Telephone number and e-mail address if known)

Defendant 2:   Judge Cynthia Jones, PO Box 367, Georgetown CO 80444
(Name and complete mailing address)

(303) 569-0820
(Telephone number and e-mail address if known)

Defendant 3:   Carolyn Whippo, Public Defender, PO Box 1612, Dillon CO 80435
(Name and complete mailing address)

(970) 468-9363
(Telephone number and e-mail address if known)

Defendant 4:   Stephen Potts, District Attorney's Office, 619 5th St., Georgetown CO 80444
(Name and complete mailing address)

(303) 569-3318
(Telephone number and e-mail address if known)

Defendant 5:   Bryan Garrett, District Attorney's Office, 619 5th St., Georgetown CO 80444
(Name and complete mailing address)

(303) 569-3318
(Telephone number and e-mail address if known)

Defendant 6:   Randy Williams, PO Box 367, Georgetown, CO 80444
(Name and complete mailing address)

(303)-569-2555
(Telephone number and e-mail address if known)

Defendant 7: Steve Germillion,,PO Box 367, Georgetown, CO 80444
(Name and complete mailing address)

(303) 569-2255
(Telephone number and e-mail address if known)

Defendant 8: Stanton Gould, 1182 Hwy 103, Idaho Springs CO 80452
(Name and complete mailing address)

(303) 569-3318
(Telephone number and e-mail address if known)

Defendant 9: Keith Montag, PO Box 2000, Georgetown, CO 80444
(Name and complete mailing address)

unknown
(Telephone number and e-mail address if known)

Defendant 10: John N. Bryan, PO Box 2000, Georgetown, CO 80444
(Name and complete mailing address)

unknown
(Telephone number and e-mail address if known)

Defendant 11: Dr. Stephanie Fitzgerald, 3520 W. Oxford Ave, Denver, CO
(Name and complete mailing address)

unknown
(Telephone number and e-mail address if known)

Defendant 12: Deputy Rodriguez, PO Box 367, Georgetown, CO 80444
(Name and complete mailing address)

(303) 569-2255
(Telephone number and e-mail address if known)

Defendant 13: Jon Walker, PO Box 367, Georgetown, CO 80444
(Name and complete mailing address)

(303)-569-2555

(Telephone number and e-mail address if known)

Defendant 14: <u>Dave Straley, PO Box 367, Georgetown, CO 80444</u>
    (Name and complete mailing address)

  <u>(303)-569-2555</u>
    (Telephone number and e-mail address if known)

Defendant 15: <u>Joel Buehrle, PO Box 367, Georgetown, CO 80444</u>
    (Name and complete mailing address)

  <u>(303)-569-2555</u>
    (Telephone number and e-mail address if known)

Defendant 16: <u>Charity Grimsley-Hinkley, 4045 Wadsworth Blvd. Ste. 306, Wheat Ridge, CO</u>
    (Name and complete mailing address)

  <u>(720)-295-4852</u>
    (Telephone number and e-mail address if known)

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

<u>X</u>    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

    List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

    <u>Violation of Constitutional Rights Amendment IV, V, VI and VIII of the Constitution</u>

\_\_\_\_    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

    Plaintiff is a citizen of the State of <u>Colorado</u>.

    If Defendant 1 is an individual, Defendant 1 is a citizen of <u>State of Colorado</u>

5

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**SEE ATTACHED**

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   VIOLATION OF CONSTITUTIONAL RIGHTS AMENDMENTS IV, V, VI AND VIII OF THE CONSTITUTION

Supporting facts:

In June of 2017, Plaintiff Antonopoulos and Michael H. Gillin were in the process of purchasing Shadow Creek Ranch in Georgetown, Colorado for a project known informally as the John Sam Antonopoulos project.

The ranch had previously been foreclosed upon and was owned by Clear Creek County.

Plaintiff and Mr. Gillin met with Defendant Keith Montag for several hours to discuss the specifics of the purchase of Shadow Creek Ranch from Clear Creek County. After the

discussions, an agreement was concluded. The specifics of the agreement included the following: $7,500.00 cash would be immediately placed in escrow. A balloon payment in the sum of $500,000.00 would be provided as well as an additional $250,000.00 which Plaintiff Antonopoulos would donate unanimously to the county for a development of an anticipated but at that time non-existent medical facility for the benefit of Clear Creek County. At that time, Plaintiff and Mr. Gillin were introduced to Defendant John N. Bryan who is the communication specialist for Clear Creek County to finalize the agreement. Plaintiff was advised that Defendant Bryan would arrange the agreement to purchase and finalize the specifics and provide a contractual agreement.

Plaintiff and Mr. Gillin met with Defendant Bryan on June 15, 2017 for dinner and cocktails at the Buffalo restaurant in Idaho Springs, Colorado. At that meeting which took 3 hours, all specifics including payments and what bike paths and walk paths would be allowed through the property were agreed upon by all parties. At the meeting, Plaintiff and Mr. Gillin agreed to protect Colorado State University's 4-H Club's belongings which included kayaks, croquet sets, tents, sleeping bags, fishing poles and gear, etc. In addition, Plaintiff and Mr. Gillin were granted permission to bring several chain saws in to cut limbs and clean up the property that had severe damage from high winds. At the end of the meeting, after an oral agreement to all terms had been made, Defendant Bryan paid for the food and drinks and everyone hugged and shook hands. Defendant Bryan told Plaintiff and Mr. Gillin that he would complete the submitted the following morning for approval by the county.

On June 10, 2017, at a meeting at the a county building, Defendant Sgt. Dave Straley advised Plaintiff and Mr. Gillin's that he had hoped that the purchase of the property from Clear Creek County would be completed since the county should never have purchased it because the

7

county had no funds available to develop the ranch. Plaintiff advised Defendant Straley that he and Mr. Gillin were going to meet County Commissioners on the following Monday to begin negotiations relevant to purchasing the property. In addition, Plaintiff advised Defendant Straley that he and Mr. Gillin were proceeding to the property to set-up camp and clean-up the property which was in a disastrous state. Following the meeting, the Plaintiff and Mr. Gillian proceeded to the property and found that Defendant Straley was already at the property. Defendant Straley again spoke with them about their intention to setup camp and cleanup the property.

Defendant Stanton Gould had a 3% share in the John Sam Antonopoulos project. On June 16, 2017, Plaintiff and Mr. Gillin called Defendant Gould at approximately 11:00 a.m. to inform him they were in the process of purchasing Shadow Creek Ranch. Mr. Gould was confrontational in the conversation and threatened to kill Plaintiff if he did not increase Defendant Gould's share of the project to 11%. Defendant Gould told Plaintiff that he had the power to stop the transaction that day if his share was not increased. Plaintiff did not increase Defendant Gould's share.

On that same day, June 16, 2017, Georgetown Marshall Randy Williams and Defendant Deputy Sheriff Jon Walker made contact with Plaintiff and Michael H. Gillin at Shadow Creek Ranch in Dillon, Colorado. Plaintiff and Mr. Gillin were at the ranch to clear debris. Defendant Williams accused Plaintiff and Mr. Gillin of trespassing, burglary and of destruction of a door.

On June 16, 2017, Defendant Lt. Steve Germillion ordered Defendant Williams and Deputy Sheriff Jon Walker to arrest the Plaintiff and Mr. Gillin.

With a drawn firearm, and under threat from Marshall Williams, Marshall Williams arrested Plaintiff and Mr. Gillin. Defendant Walker transported the Plaintiff and Mr. Gillin to the jail following their arrest on the property even though he initially wanted to allow Plaintiff and

Mr. Gillin to gather their belongings and depart the property.

On June 19, 2017, Detective Buehrle met a representative for Plaintiff and Mr. Gillin (Mr. Jonas Allen) at Alpine Towing to retrieve the car. Detective Buehrle advised Mr. Allen that Defendant Gould was 300lbs of power in the county and that Defendant Gould would take Plaintiff down because the Plaintiff and Mr. Gillin were trying to steal Shadow Ranch from Clear Creek County.

On June 20, 2017, Defendant Deputy Sheriff Rodriguez released the Plaintiff but prior to releasing Plaintiff, Defendant Rodriguez advised Plaintiff that he had to provide the Clear County Policy and Sheriff department with a DNA swab and if he didn't provide the DNA, Defendant Rodriquez threatened Plaintiff with felony charges for refusing. Under threat, Plaintiff complied and provided the sample.

Defendant Whippo, a public defender for the State of Colorado, was assigned to Plaintiff Antonopoulos case. At a meeting in her office in Dillon, Colorado, in approximately October of 2017, to discuss the case, Plaintiff advised Defendant Whippo about a serious car accident he had been in 1972 in Telluride, Colorado . At that meeting Defendant Whippo advised Plaintiff Antonopoulos that she felt he could not prove that Clear Creek County officials were conspiring and lying. Defendant Whippo later used the information about the serious car accident in Telluride in 1972 to assert that Plaintiff was incompetent.

A hearing on the matter was scheduled for November 23, 2017 at 2:00 p.m. before Judge Rachel Olguin-Fresquez at which Plaintiff expected to be represented by Defendant Whippo.

Without notice of any type to Plaintiff, Defendant Judge Fresquez and Defendant Whippo conspired and changed the time of the hearing to from 2:00 p.m. on November 23, 2017 to 8:00 a.m. Plaintiff, unaware of the time change, failed to show at the hearing. As a result, a felony

warrant was issued for his arrest. In attendance at the hearing were Defendant Potts and Defendant Garrett who worked for the District Attorney's Office.

When Plaintiff was in-route to Court on November 23, 2017, he contacted Court Clerk Tammy Lewis to advise her of an accident on I-70 and to tell her that the accident could possibly cause him to be approximately 10 – 15 minutes late to the 2:00 p.m. hearing. At that time, he was advised by Tammy Lewis that the hearing had been re-scheduled to 8:00 a.m. and that because he failed to appear a felony arrest warrant had been issued. Tammy Lewis asked the Plaintiff where he was and then advised the Plaintiff that he should take the Evergreen exit and not come to Georgetown because Defendant Judge Olguin-Fresquez and Defendant Whippo had conspired against him and that he would be arrested for failure to appear if he came to Court.

Plaintiff made arrangements to turn himself in for the felony warrant. As agreed, at midnight on March 29, 2018 Plaintiff presented to the appropriate officials and surrendered.

Plaintiff was initially told the bond would be $500.00. That was then changed to a $3,000.00 cash only bond and eventually to being held on No Bond status.

At some point in time Plaintiff's case was transferred to Judge Cynthia Jones docket. Over the course of the proceedings, Plaintiff requested numerous times that Defendant Whippo be terminated from representing him. The defendant judges declined all such requests from Plaintiff.

Defendant Judge Jones with the assistance of Defendant Whippo, Defendant Garrett and Defendant Fitzgerald conspired to falsely establish that the Plaintiff was incompetent. Defendant Dr. Fitzgerald is associated with the Colorado Mental Health Institute at Ft. Logan. Defendant Dr. Fitzgerald met with Plaintiff at which time tests were administered and questions were asked. After the meeting she advised Plaintiff that he was competent. However, on two more occasions thereafter, Plaintiff was Court ordered to meet with Defendant Dr. Fitzgerald. Again tests were

10

administered and questions were asked. At each meeting, Defendant Dr. Fitzgerald advised Plaintiff that Defendant Judge Jones had the power to take Plaintiff directly from the Court to the Ft. Logan mental institution and that Defendant Dr. Fitzgerald had the authority to keep Plaintiff at the Ft. Logan mental institution for a period of one year. And, at the conclusion of the first year, if Dr. Fitzgerald found the Plaintiff to be incompetent he could be committed for the rest of his life to the mental institution. Plaintiff has proof from another professional that Defendant Fitzgerald has committed malpractice. Plaintiff is not incompetent or delusional.

Plaintiff is required to consult with Defendant Grimsley-Hinkley. Plaintiff has seen Defendant Grinsley-Hinkley for approximately 32 sessions so far which occurred twice weekly over approximately the past four months. Defendant Grimsely-Hinkley's assessment included testing as well as asking legal questions and other questions for which Plaintiff assumes was a competency evaluation. The sessions occurred in the same meeting room at her office and each session began with Defendant Grimsley-Hinkley requesting that Plaintiff acknowledge that he was charged with a felony and misdemeanor. Defendant Grimsley-Hinkley then advised the Plaintiff in a threatening manner at each session that Plaintiff faced one to three years and incarceration and fines for the felony and for the misdemeanor he faced up to six months and fines. At each session, after Defendant Grimsley-Hinkley had discussed the felony and misdemeanor, the Plaintiff advised Defendant Grimsley-Hinkley that he was innocent. After Plaintiff advised Defendant Grimsley-Hinkley that he is innocent, at each session, she closes her laptop, hugs it to her chest and yells at Plaintiff we are done. Another appointment is then scheduled for Plaintiff. Plaintiff has proof from another professional that Defendant Grimsley-Hinkley has committed malpractice. Plaintiff is not incompetent or delusional.

Plaintiff was held in jail for approximately 25 days without a Court hearing. Plaintiff was

11

eventually released on or about April 23, 2017 at 6:30 p.m. by the Captain of the Georgetown Sheriff's Department without ever having had a hearing or being seen by Judge Jones. Plaintiff was required to post a $3,000.00 bond. A trial has not been rescheduled.

While the Plaintiff was being held on a No Bond status and falsely considered incompetent. A trial was scheduled for Mr. Gillin for May 28 through 30, 2018. Plaintiff would have been a favorable witness for Mr. Gillin however he had been detained on a no bond and was falsely determined to be incompetent. Plaintiff wanted to be a witness for Mr. Gillin in his trial. Mr. Gillin, in fear that he would be incarcerated for up to three years in prison because the District Attorney Garrett and Deputy District Attorney Potts would not allow Mr. Gillin's evidence or witnesses, eventually pled to a plea agreement that required him to pay a $40.00 fine in fear of his freedom.

After Plaintiff and Mr. Gillin were arrested, the authorities broke into the Plaintiff's vehicle, a Chevy Trail Blazer, without a warrant and took portions as well as physically annihilated the contents of twelve brief cases and two large file boxes which contents were the research about Plaintiff's project for justice which is truly based on who freed Theodore Robert Bundy from the Aspen, Colorado courthouse. After being apprehended, Theodore Robert Bundy was placed in the maximum security jail cell in Glenwood Springs, Colorado, jail facility where Mr. Bundy escaped from which allowed Mr. Bundy to manipulate his journey to a sorority at Florida State University in Tallahassee, Florida and brutally beat three female students to death.

### E.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

Damages and dismissal of all criminal charges.

## F.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

10/23/2019
_____
(Date)


(Form Revised December 2017)

13

If Defendant 2 is an individual, Defendant 2 is a citizen of <u>State of Colorado</u>

If Defendant 3 is an individual, Defendant 3 is a citizen of <u>State of Colorado</u>

If Defendant 4 is an individual, Defendant 4 is a citizen of <u>State of Colorado</u>

If Defendant 5 is an individual, Defendant 5 is a citizen of <u>State of Colorado</u>

If Defendant 6 is an individual, Defendant 6 is a citizen of <u>State of Colorado</u>

If Defendant 7 is an individual, Defendant 7 is a citizen of <u>State of Colorado</u>

If Defendant 8 is an individual, Defendant 8 is a citizen of <u>State of Colorado</u>

If Defendant 9 is an individual, Defendant 9 is a citizen of <u>State of Colorado</u>

If Defendant 10 is an individual, Defendant 10 is a citizen of <u>State of Colorado</u>

If Defendant 11 is an individual, Defendant 11 is a citizen of <u>State of Colorado</u>

If Defendant 12 is an individual, Defendant 12 is a citizen of <u>State of Colorado</u>

If Defendant 13 is an individual, Defendant 13 is a citizen of <u>State of Colorado</u>

If Defendant 14 is an individual, Defendant 14 is a citizen of <u>State of Colorado</u>

If Defendant 15 is an individual, Defendant 15 is a citizen of <u>State of Colorado</u>

If Defendant 16 is an individual, Defendant 16 is a citizen of <u>State of Colorado</u>